# United States Bankruptcy Court
## Middle District of Florida
## Tampa Division

In re:

**Charles Kent Amstone, and**  Case No.
**Carolyn Beth Amstone,**

Debtor.  Chapter 13

_____/

### CHAPTER 13 PLAN

1. The future earnings of the Debtors are submitted to the supervision and control of the court and the Debtors shall pay $3,346.00/month for 36 months. However, the plan will terminate in less than 36 months if all allowed claims receive a 100% distribution prior to that time.

2. From the payments so received, the trustee shall make disbursements as follows:

a) The claims entitled to priority under section 507 of the bankruptcy code.

i) The chapter 13 plan will pay any duly filed and allowed priority debts in full. All payments to priority claims (or secured claims which would otherwise be entitled to priority status) will be applied first to the most recent portion of the claim entitled to priority status. Notwithstanding the prior sentence, any secured portion of a tax obligation shall be paid prior to any unsecured portion of such obligation. Debtor does not currently anticipate that any such claims will be filed.

ii) The chapter 13 plan will pay additional attorneys fees to Debtor's counsel of at least $2,000, or such additional fees as are approved by the bankruptcy court or any appellate court. However, the minimal fee set above will be paid in the absence of a fee application. The fee will be paid at a rate of $250/month. Any objection to this or any other provision of the plan must be filed in accordance with the terms set by the court in the notice of the confirmation hearing.

b) Dividends to secured creditors as follows:

i) From the payments received from the Debtors, the Trustee shall pay any property taxes in full plus interest as required by law.

ii) From the payments received from the Debtors, the Trustee shall pay any allowed secured claim of the IRS in full plus interest at 9%. Upon payment in full of the secured claim plus interest, any liens of the IRS shall be released.

iii) 1) In addition to the regular monthly mortgage payment to First Horizon's Mortgage from the payments received from the Debtors, the Trustee shall pay any pre-petition arrearages on Debtors' first mortgage to the mortgage company as well as the first payment coming due post-petition.

2)(A) The arrearage proof of claim, or amount allowed to be paid through the chapter 13 plan if no arrearage claim is timely filed, shall be binding on the creditor; and upon payment in full of the arrearages pursuant to the claim or order allowing claims any amounts past due as of the filing of the case shall be deemed paid in full.

(B) If no claim is filed by the date the plan is confirmed then the debt will be deemed current any arrearage would not be discharged.

3) No interest shall be paid on the arrearages except to the extent provided in the underlying agreement and applicable non-bankruptcy law, and as provided in the order confirming the plan.

4) Any acceleration of the obligation shall be cancelled upon confirmation of the chapter 13 plan.

5) Unless the balance of the debt is paid in full through the bankruptcy, this creditor shall retain its lien post-discharge.

6) Any notice of change of payment or interest rate must be sent to as required by the underlying agreement with copy to counsel for debtor and the trustee.

7) (A) If any attorneys fees or inspection or other charges are made against Debtor's account, to the extent such charges are provided for in the loan documents, notice must be sent as required by the underlying agreement and to counsel for debtor and to the trustee within 90 days of such charge and except for fees or charges incurred within 90 days prior to the discharge a copy also sent to the chapter 13 trustee within 90 days of such charge.

(B)(i) Upon notice of such charges, except for fees and charges incurred within 90 days prior to the discharge, the plan will be deemed amended to pay the fees and charges unless objected to by the debtor within 30 days of such notice.

(ii) If a timely objection is filed the plan will be deemed amended to the extent the court approves the fees and charges as reasonable.

(C) In order to accomplish this amendment the plan will be extended to the extent permitted by §1322 and §1329; or payments increased to the extent extension is not permitted, to provide for payment of such fees and charges, but only to the extent such payment is not made in the spouse's case 8:06-bk-04607-KRM.

8) All payments designated by the trustee as post-petition mortgage payments shall be applied to payments due after the filing of the petition. All payments designated by the trustee as payments toward the prepetition arreareage (except to the extent that the plan provides for one post-petition payment to be paid through arrearages; or to the extent of charges allowed under paragraph 7 above) shall be applied to prepetition arrearages.

9) For purposes of application of payments by the mortgage, the mortgage shall be deemed current as of confirmation unless the case is subsequently dismissed or converted.

iv) Debtor will file a complaint to determine that the second mortgage to First Horizons Mortgage is wholly unsecured, and will pay any claim of this creditor concurrently and at the same rate as other unsecured creditors.



      v) Debtors will reject the lease with IFC Credit Corp. and surrender to the creditor any collateral held.

      vi) Debtor will file a motion to determine the value of the Chevy Tahoe liened to USF Federal Credit Union, and will pay the value of this vehicle plus 9% interest over the life of the plan to the creditor. The creditor will retain its lien until the debt is paid in full. Any timely filed and allowed deficiency will be paid at the same rate as other unsecured creditors.

      vii). Debtor will continue direct payments to John Deere on the claim secured by the tractor, front loader, and rake, or will surrender the collateral in full satisfaction of any secured claim of this creditors.

      viii) Debtor will continue direct payments to Sheffield Financial on the Yamaha ATV, or will allow the creditor to repossess the collateral in full satisfaction of any allowed secured claim of the creditor.

      ix) Any other claims filed as secured will be bound by their claim that the collateral is of sufficient value to cover the portion of the debt alleged to be secured. The plan will eliminate any in-personam liability of the Debtors to this creditor except to the extent the creditor filed an unsecured claim. The order confirming plan shall constitute surrender of debtor's interest in such property, if any.

      x) Notwithstanding any contrary provisions above, any claim that is filed as both secured and unsecured for the same debt (as opposed to claims which are filed as partially secured and partially unsecured, the total of which equals the total debt), or which does not clearly specify whether it is secured or unsecured shall be subject to an election by the Debtor at the confirmation hearing whether to treat the claim as secured or unsecured. This election shall be binding on the creditor, and if treated as unsecured, the creditor shall be required to take whatever actions are necessary to release any liens, mortgages, or security interests.

      c)
      i) The trustee shall pay to the allowed unsecured, priority, and administrative expense creditors the lesser of $5,000.00 or 100% of the total of all claims timely filed and allowed, without interest, to be paid such that allowed priority and administrative expense claims are paid in full, with the balance divided proportionately between all unsecured creditors (except those separately classified above), and the plan will continue beyond 36 months up to 60 months in order to pay the $5,000 dividend. Any unsecured or priority claims filed after the bar date, unless such claim amends a timely filed claim and is based on the same debt as the timely filed claim, shall be disallowed. Debtor estimates total unsecured claims of approximately $233,000.

      d) Creditors not dealt with under the chapter 13 plan, and who shall not be impaired under such plan. The secured claims of the following creditors shall not be affected by the chapter 13 plan:



**SUBMISSION OF FUTURE EARNINGS**

```
First Horizon: 1st mtg. arr.
   2/1/08 - 5/1/08: 4 @ $2,191.31        =      8,765.24
   Atty fees                             =        500.00
USF FCU:
   Value of 02 Chevy Tahoe               =     12,525.00
   Int. 9% ($260.00 x 60)                =      3,074.90
Property Tax                             =      4,856.79
   Int. 18% ($175.58 x 36)               =      1,464.26
Additional fees to Debtor's counsel      =      2,000.00
Unsecured creditors:                     =     10,000.00
Subtotal                                 =     43,186.19

     Creditor - plan payment   1,199.62 x 36 =  43,186.19
     First Horizon: 1st mtg.   2,191.31    (60)
                               3,390.93
     Trustee fee 7%              255.23 x 36 = $9,188.33
     Total plan payment        3,346.16
```

3. Title to the Debtors' property shall not revest in the Debtors on confirmation of a plan, but only upon discharge or dismissal of the case. All property shall remain property of the estate subject to the automatic stay provisions of 11 U.S.C. 362. However, the order confirming this plan shall be deemed approval for the Debtor's sale or disposal of any item of personal property of less than $500 value without any further approval by the court.

Except as otherwise provided herein, and except as to any debts subject to sections 1322(b)(2) or 1322(b)(5) all property shall vest in the debtor upon discharge free and clear of all liens on the property.

4. All costs and attorneys fees on any debt except those excluded from the chapter 13 plan under paragraph (2)(d) above or as provided in the section regarding arrearage on mortgages subject to section 1322(b)(2) shall be paid through the chapter 13 plan, whether prepetition or post-petition (until 90 days prior to entry of the chapter 13 discharge).

No provisions in the plan waives any of Debtors rights under Federal and State regulation of mortgages and other secured obligations. All such rules and regulations continue to apply to the obligations provided for in the chapter 13 plan.

5. Except as provided otherwise in the plan, and except for debts provided for under 11 USC 1328(a) and 1322(b)(5), all claims provided for by this plan or disallowed under 11 U.S.C. 502 are discharged whether or not such creditor filed a claim in this case. This shall include any potential debts existing as of the filing of the case, including without limitation the possible assessment of tax penalties arising from pre-petition tax years.

6. All allowed general unsecured creditors will receive a proportional distribution, including both prepetition and post-petition unsecured claims filed an allowed under 11 U.S.C. 1305, of the amount shown above. All allowed post-petition unsecured priority claims shall be paid in full without interest. Claims which are entitled to neither priority nor administrative expenses status must be filed within the latter of 60 days after receiving a copy of the chapter 13



plan, or 60 days after the debt is incurred, and shall serve the claim on the attorney for the Debtor and on the chapter 13 trustee, or such claims will be barred. Any post-petition claims (other than priority or administrative expenses) allowable under 1305 but not filed, or barred under this provision, shall be discharged by the discharge entered pursuant to 11 U.S.C. 1328.

7. In addition to other rights explicitly provided by the Bankruptcy Code and case law, the Debtors shall have, not exclusive of the chapter 13 trustee, all rights and powers of a liquidating trustee under 11 U.S.C. 542, 543, 544 and 545; subject to the limitations on those powers as applied to liquidating trustees.

8. A presumption of prejudice to the debtors shall arise if a creditor attempts to enforce a cross-collateralization clause that is not disclosed on the face of the proof of claim of the creditor.

9. The court shall retain jurisdiction to award additional attorneys fees to Debtors' counsel upon request, such additional fees to be paid to Debtors' counsel rather than to unsecured creditors even if such fees would result in unsecured creditors receiving a lesser distribution than predicted above, and without the necessity of additional modification of the chapter 13 plan. The court also retains jurisdiction to modify the chapter 13 plan post-confirmation upon the request of the Debtors. The court shall retain jurisdiction for 30 days following discharge or such further time as is ordered by the Court to determine the balance due on mortgages and whether the mortgage is current as of the date of the discharge.

Dated _____

_____
Debtor

Dated 4-7-08

_____
Debtor