# United States Bankruptcy Court
## Middle District of Florida
### Tampa Division

In re:

**Charles Amstone, and**  Case No. **8:08-bk-04819-CPM**
**Carolyn Beth Amstone**
   Debtors.  Chapter **13**
_____/

## THIRD AMENDED CHAPTER 13 PLAN

1. The future earnings of the Debtors are submitted to the supervision and control of the court and the Debtors shall pay $258.00/month for 36 months, or any such additional time as is required until all claims are paid in accordance with the chapter 13 plan. However, the plan will terminate in less than 36 months if all allowed claims receive a 100% distribution prior to that time.

2. From the payments so received, the trustee shall make disbursements as follows:

a) The claims entitled to priority under section 507 of the bankruptcy code.

i) The chapter 13 plan will pay any duly filed and allowed priority debts in full. All payments to priority claims (or secured claims which would otherwise be entitled to priority status) will be applied first to the most recent portion of the claim entitled to priority status. Notwithstanding the prior sentence, any secured portion of a tax obligation shall be paid prior to any unsecured portion of such obligation. Debtor does not currently anticipate that any such claims will be filed.

ii) The chapter 13 plan will pay additional attorneys fees to Debtor's counsel of at least $2,000, or such additional fees as are approved by the bankruptcy court or any appellate court. However, the minimal fee set above will be paid in the absence of a fee application. The attorney fee to be paid in the plan shall be paid in the amount of $200 per month until paid in full. Any objection to this or any other provision of the plan must be filed in accordance with the terms set by the court in the notice of the confirmation hearing.

b) Dividends to secured creditors as follows:

ii) From the payments received from the Debtors, the Trustee shall pay any allowed secured claim of the IRS in full plus interest at 9%. Upon payment in full of the secured claim plus interest, any liens of the IRS shall be released.

iii) Debtors will surrender their interest in the 2002 Chevy Tahoe to USF Federal Credit.

iv) Debtors will surrender their interest in the 2 atv's and cargo trailer to Scheffield Financial.

iv) Debtors will surrender their interest in the homestead to First Horizon and First Tennessee in full satisfaction of any secured claims of these creditors.

v) Any other claims filed as secured will be bound by their claim that the collateral is of sufficient value to cover the portion of the debt alleged to be secured. The plan will eliminate any in-personam liability of the Debtors to this creditor except to the extent the creditor filed an unsecured claim. The order confirming plan shall constitute surrender of debtor's interest in such property, if any.

vi) Notwithstanding any contrary provisions above, any claim that is filed as both secured and unsecured for the same debt (as opposed to claims which are filed as partially secured and partially unsecured, the total of which equals the total debt), or which does not clearly specify whether it is secured or unsecured shall be subject to an election by the Debtor at the confirmation hearing whether to treat the claim as secured or unsecured. This election shall be binding on the creditor, and if treated as unsecured, the creditor shall be required to take whatever actions are necessary to release any liens, mortgages, or security interests.

c)
   i) The trustee shall pay to the allowed unsecured, priority, and administrative expense creditors the lesser of $1,250.00 or 100% of the total of all claims timely filed and allowed, without interest, to be paid such that allowed priority and administrative expense claims are paid in full, with the balance divided proportionately between all unsecured creditors (except those separately classified above), and the plan will continue beyond 36 months up to 60 months in order to pay the $1,250 dividend. Any unsecured or priority claims filed after the bar date, unless such claim amends a timely filed claim and is based on the same debt as the timely filed claim, shall be disallowed. Debtor estimates total unsecured claims of approximately $10,000.

d) Creditors not dealt with under the chapter 13 plan, and who shall not be impaired under such plan. The secured claims of the following creditors shall not be affected by the chapter 13 plan:
   none.

**SUBMISSION OF FUTURE EARNINGS**

```
IRS:                                    =     6,500.00
Additional fees to Debtor's counsel     =     2,000.00
Unsecured creditors:                    =       100.00
Subtotal                                =     8,500.76


    Creditor - plan pymt        $257.69 x 36 = $8,510.76
                                 total    paid    by        trustee
```

<u>Trustee fee 9%</u>          <u>21.28 x 36 = $765.97</u>
   **Total plan payment**          **258.00/mo**

3. Title to the Debtors' property shall not revest in the Debtors on confirmation of a plan, but only upon discharge or dismissal of the case. All property shall remain property of the estate subject to the automatic stay provisions of 11 U.S.C. 362. However, the order confirming this plan shall be deemed approval for the Debtor's sale or disposal of any item of personal property of less than $500 value without any further approval by the court.
Except as otherwise provided herein, and except as to any debts subject to sections 1322(b)(2) or 1322(b)(5) all property shall vest in the debtor upon discharge free and clear of all liens on the property.

4. All costs and attorneys fees on any debt except those excluded from the chapter 13 plan under paragraph (2)(d) above or as provided in the section regarding arrearage on mortgages subject to section 1322(b)(2) shall be paid through the chapter 13 plan, whether prepetition or post-petition (until 90 days prior to entry of the chapter 13 discharge).
No provisions in the plan waives any of Debtors rights under Federal and State regulation of mortgages and other secured obligations. All such rules and regulations continue to apply to the obligations provided for in the chapter 13 plan.

5. Except as provided otherwise in the plan, and except for debts provided for under 11 USC 1328(a) and 1322(b)(5), all claims provided for by this plan or disallowed under 11 U.S.C. 502 are discharged whether or not such creditor filed a claim in this case. This shall include any potential debts existing as of the filing of the case, including without limitation the possible assessment of tax penalties arising from pre-petition tax years.

6. All allowed general unsecured creditors will receive a proportional distribution, including both prepetition and post-petition unsecured claims filed an allowed under 11 U.S.C. 1305, of the amount shown above. All allowed post-petition unsecured priority claims shall be paid in full without interest. Claims which are entitled to neither priority nor administrative expenses status must be filed within the latter of 60 days after receiving a copy of the chapter 13 plan, or 60 days after the debt is incurred, and shall serve the claim on the attorney for the Debtor and on the chapter 13 trustee, or such claims will be barred. Any post-petition claims (other than priority or administrative expenses) allowable under 1305 but not filed, or barred under this provision, shall be discharged by the discharge entered pursuant to 11 U.S.C. 1328.

7. In addition to other rights explicitly provided by the Bankruptcy Code and case law, the Debtors shall have, not exclusive of the chapter 13 trustee, all rights and powers of a liquidating trustee under 11 U.S.C. 542, 543, 544 and 545; subject to the limitations on those powers as applied to liquidating trustees.

8. A presumption of prejudice to the debtors shall arise if a creditor attempts to enforce a cross-collateralization clause that is not disclosed on the face of the proof of claim of the creditor.

9. The court shall retain jurisdiction to award additional attorneys fees to Debtors' counsel upon request, such additional fees to be paid to Debtors' counsel rather than to unsecured creditors even if such fees would result in unsecured creditors receiving a lesser distribution than predicted above, and without the necessity of additional modification of the chapter 13 plan. The court also retains jurisdiction to modify the chapter 13 plan post-confirmation upon the request of the Debtors. The court shall retain jurisdiction for 30 days following discharge or such further time as is ordered by the Court to determine the balance due on mortgages and whether the mortgage is current as of the date of the discharge.

Dated 9-26-08

_____
Debtor

Dated 9·26·08

_____
Debtor

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail, first class postage prepaid or by electronic transmittal to Terry E. Smith, PO Box 6099, Sun City Center, FL 33571; this ~~26th day of September~~ October 2008.

**Michael Barnett, P.A.**

by _____
Michael Barnett
Fla. Bar No. 500150
506 N. Armenia Ave.
Tampa, FL 33609-1703
tel. (813) 870-3100
facs. (813) 877-4039
mpa7@tampabay.rr.com
Attorney for Debtor